IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| AARON LUKE, ) | |
| ) | |
| Petitioner,[1] ) | |
| ) | |
| v. ) | CV 114-141 |
| ) | |
| THE STATE OF GEORGIA, et al.; ) | |
| GOVERNOR NATHAN DEAL; ) | |
| RICHMOND COUNTY SUPERIOR ) | |
| COURT; ASHLEY WRIGHT, District ) | |
| Attorney, Augusta Judicial Circuit; and ) | |
| MICHAEL N. ANNIS, Superior Court ) | |
| Judge, Augusta Judicial Circuit, et al., ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Johnson State Prison in Wrightsville, Georgia, is proceeding *pro se* in the above-captioned case and seeks to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), this petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

## I. BACKGROUND

Petitioner challenges his convictions in the Richmond County Superior Court for trafficking in cocaine and a window tint violation.[2] (Doc. no. 1.) Petitioner claims

---

[1]Because Petitioner submitted a "Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983," the Clerk of Court docketed the case as a civil rights case brought pursuant to § 1983. However, because Petitioner actually seeks habeas corpus relief, the Court **DIRECTS** the **CLERK** to correct the caption of the case to reflect petitioner and respondents and docket the "complaint" as a "petition" filed under 28 U.S.C. § 2254.

Respondents conspired to coerce him into pleading guilty to the charges in the indictment, and asks the Court to issue an order declaring that (1) the indictment in his state criminal proceedings was "fatally defective, fundamentally flawed and void," (2) the Richmond County Superior Court lacked jurisdiction to enter a judgment and conviction against him, rendering his sentence "illegal and unconstitutional," (3) Petitioner was denied his constitutional rights during the state criminal proceedings, (4) the Georgia criminal statute pursuant to which he was convicted of trafficking in cocaine was unconstitutional and void, and (5) Petitioner's guilty plea did not constitute an admission of guilt. (Id. at 11-18.)

## II. DISCUSSION

### A. Nature of the Petition.

District courts have an obligation to look behind the label of a *pro se* inmate's filing to determine whether it is "cognizable under a different remedial statutory framework." U.S. v. Mercado, CR295-06, 2011 WL 2446389, at *1 (S.D. Ga. May 16, 2011) *report and recommendation adopted by*, 2011 WL 2447283 (S.D. Ga. June 15, 2011) (citing U.S. v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990)). Here, Petitioner claims he was the victim of a conspiracy to convict him. (See doc. no. 1.) Tellingly, Petitioner does not request money damages or any action against Defendants, but rather seeks to have his convictions voided as unconstitutional. (Id.) Thus, although the form he utilized bears the title of a civil action under 42 U.S.C. § 1983, the filing is a habeas petition because Petitioner challenges the legality of his state criminal convictions. Therefore, the Court hereby construes the filing as a

---

[2]Although he only addresses these two counts of the criminal indictment, Petitioner was also convicted of one count of driving with a suspended license. See http://www.augustaga.gov/421/Case-Management-Search (click "Yes I Agree," then select "Criminal Search" and search case number "2013RCCR01778") (last visited June 26, 2014).

2

habeas corpus petition under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 499, n. 14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus"); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead.").[3]

### B. Petitioner Has Not Exhausted His State Remedies.

Because Petitioner seeks relief under § 2254, he must first exhaust his claims in the state courts before they can be heard in federal court. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words,

---

[3]The Court reviews the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2243. Under Rule 4, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases. Under § 2243, the Court must determine whether "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks. 28 U.S.C. § 2243.

the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[4] Id.

In Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine

---

[4]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

4

does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

At this time, Petitioner has not alleged any facts indicating that he previously presented the claims in the instant petition in state court, either on direct appeal or in a collateral proceeding. Furthermore, since filing the instant petition, Petitioner has filed a motion in Richmond County Superior Court seeking leave to file an out-of-time appeal. See http://www.augustaga.gov/421/Case-Management-Search. Thus, Petitioner has failed to demonstrate exhaustion. 28 U.S.C. § 2254(c); O'Sullivan, 526 U.S. at 842.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), this petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of July, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA