IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| AARON LUKE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 114-141 |
| | ) |
| THE STATE OF GEORGIA, et al.; | ) |
| GOVERNOR NATHAN DEAL; | ) |
| RICHMOND COUNTY SUPERIOR | ) |
| COURT; ASHLEY WRIGHT, District | ) |
| Attorney, Augusta Judicial Circuit; and | ) |
| MICHAEL N. ANNIS, Superior Court | ) |
| Judge, Augusta Judicial Circuit, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 6). The Magistrate Judge recharacterized the initial filing in this case from a civil rights complaint filed pursuant to 42 U.S.C. § 1983 to a petition seeking federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254. (See doc. no. 3.) The Magistrate Judge also recommended denying the motion to proceed *in forma pauperis* ("IFP") as moot and dismissing the petition without prejudice because Petitioner has not exhausted his state court remedies. (See id.)

Petitioner's objections are mainly a restatement of information already analyzed by the Magistrate Judge. Petitioner does not contest the basis for the Magistrate Judge's recharacterization of the initial filing as a petition for habeas corpus relief, *i.e.*, he seeks to challenge the legality of his state criminal convictions. In fact, he reiterates, both in his objections and a separate filing docketed as a "Notice of Intent to challenge the State's law" after entry of the recommendation for dismissal, that his convictions are "illegal" and "void." (See, e.g., doc. no. 5, pp. 8, 14; doc. no. 6, pp. 9, 22 & Ex. B, p. 2.). Nor does Petitioner offer any information contrary to the Magistrate Judge's finding that he has a pending motion in state court seeking leave to file an out-of-time appeal and that he has not pursued any collateral proceeding, *i.e.*, state habeas petition, in the courts of the State of Georgia.[1]

Rather, he attempts to couch his request for relief as a request for an injunction immediately overturning his convictions rather than as habeas corpus relief that would declare his convictions invalid. (Doc. no. 6, pp. 2, 4.) However, as the Magistrate Judge explained, (doc. no. 3, pp. 2-3), the substance and not the title of Petitioner's filing controls. Petitioner has requested habeas corpus relief regardless of whether characterized as a conspiracy to force Petitioner to plead guilty to fatally defective charges that resulted in illegal and void convictions or as a request for an injunction to declare that the charges to which he pled guilty are void. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or

---

[1]Petitioner challenges the constitutionality of the state criminal statutes under which he was convicted, claiming multiple counts to which he pled guilty failed to charge him with a crime. (See generally doc. nos. 1, 5, 6.) Such challenges may be pursued in state habeas corpus proceedings. See Kennedy v. Carlton, 757 S.E.2d 46, 47-48 (Ga. 2014) (state habeas corpus challenge arguing Georgia criminal statute was constitutionally defective as vague and ambiguous).

duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."). For the reasons thoroughly explained by the Magistrate Judge (doc. no. 3, pp. 3-5), Petitioner must exhaust his state court remedies before seeking federal habeas corpus relief.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES AS MOOT** Petitioner's motion to proceed IFP (doc. no. 2), and **DISMISSES** without prejudice the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because

---

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3

there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 6th day of August, 2014, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4